◼ BARBARA S. TRAISTER, Respondent-Appellant, v NICHOLAS M. RUSSO et al., Appellants-Respondents.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated February 26, 1986, as granted the plaintiff's cross motion to sever a third-party action, and (2) from so much of a resettled judgment of the same court, entered August 23, 1988, as, after a nonjury trial, is in favor of the plaintiff and against the defendants granting specific performance, and the plaintiff cross-appeals from so much of the resettled judgment as denied her application for $10,000

in additional damages for the wrongful deprivation of use of the subject property.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the resettled judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are not reviewable insofar as they do not necessarily affect the final judgment (CPLR 5501 [a] [1]) and concern a moot question. Since the trial of the main action has already been held, the question of whether a joint trial of the main action and the third-party action would serve the interests of judicial economy is academic.

At issue upon this appeal, among other things, is the question of whether the plaintiff purchaser was properly awarded specific performance of the contract for the sale of the subject real property. The contract of sale contained a clause setting forth a deadline within which the sellers were to obtain necessary subdivision approvals. However, this deadline passed without remark by either side as to the failure of the defendant sellers to obtain the approvals. Thereafter, despite several purported attempts on the part of the sellers to cancel the contract, the required approvals were eventually procured.

It would appear from a review of the contract at bar that the subdivision deadline clause was intended to operate for the benefit of both purchaser and sellers. As such, it was within their power to mutually waive the deadline (see, De Freitas v Holley, 93 AD2d 852, 853), and this court finds that there was such a waiver in the instant action.

In light of the sellers' eventual acquisition of the subdivision approvals and the failure of either party to effectively cancel the contract for failure to obtain those approvals in a timely fashion, the Supreme Court properly directed specific performance of the contract of sale.

We have examined the remaining contentions of the parties and find them to be without merit. Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.