■ STEPHEN VACCARO et al., Appellants, v 5 TOWNS REFRIGERATION, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. KING KULLEN GROCERY Co., Inc., Third-Party Defendant-Respondent. [635 NYS2d 295] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Roberto, J.), entered August 12, 1994, which, upon granting the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff Stephen Vaccaro, a butcher employed by the third-party defendant King Kullen Grocery, was injured when he slipped and fell as a result of water on the floor in the meat preparation and wrapping room where he worked. The plaintiff alleges that the water came from a clogged drainage system attached to a ceiling-mounted refrigeration unit, which was maintained by the defendants pursuant to a service contract. The plaintiffs commenced a negligence action against the defendants based on their obligations under the service contract. After the plaintiffs rested, the Supreme Court granted the defendants' motion for judgment as a matter of law and also dismissed the third-party complaint.

Upon our examination of the record, including the service contract, we find that the Supreme Court properly granted judgment as a matter of law in favor of the defendants. Accepting the plaintiffs' evidence as true and granting them every favorable inference (*see*, CPLR 4401; *Vigilant Ins. Co. v Rippner Elec. Constr. Corp.*, 196 AD2d 494), the plaintiffs failed to establish that the defendants were in any way at fault in the happening of the accident. Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.