■ EILEEN GINZBURG, Appellant, v TEMPCO, INC., Defendant and Third-Party Plaintiff-Respondent. TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Third-Party Defendant-Appellant. [688 NYS2d 230] —In an action to recover damages for personal

injuries, the third-party defendant, Triborough Bridge and Tunnel Authority, appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated July 31, 1997, which, upon granting the motion of the defendant third-party plaintiff, Tempco, Inc., for reargument of the motion of Triborough Bridge and Tunnel Authority for summary judgment on its counterclaim against the defendant third-party plaintiff, which motion had been previously granted by an order of the same court, denied the motion for summary judgment. The plaintiff separately appeals from a judgment of the same court (Leibowitz, J.), dated March 5, 1998, which, upon the granting of the motion of the defendant third-party plaintiff, Tempco, Inc., pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant third-party plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order, which denied the motion for summary judgment dismissing the third-party complaint, are not reviewable insofar as they do not necessarily affect the judgment, which dismissed the complaint in the main action (*see,* CPLR 5501 [a] [1]; *Traister v Russo,* 154 AD2d 455).

The plaintiff, an employee of the third-party defendant, the Triborough Bridge and Tunnel Authority, was allegedly injured when she slipped and fell as a result of water on the floor in the ladies' locker room in the facility where she worked. The plaintiff alleges that the water came from an air conditioning duct and that the defendant third-party plaintiff, a contractor, had been hired by her employer to maintain the air conditioning system pursuant to a service contract. After the plaintiff rested, the Supreme Court granted the motion of the defendant third-party plaintiff, in which the third-party defendant joined, pursuant to CPLR 4401 (a) for judgment as a matter of law.

The Supreme Court properly granted the motion for judgment as a matter of law in favor of the defendant third-party plaintiff. Accepting the plaintiff's evidence as true and granting her every favorable inference (*see,* CPLR 4401; *Vaccaro v 5 Towns Refrig.,* 222 AD2d 576), the plaintiff failed to establish

that the defendant third-party plaintiff was in any way at fault in the happening of the accident.

The parties' remaining contentions are without merit or are not properly before this Court. Mangano, P. J., Sullivan, Joy and Altman, JJ., concur.