■ DORIS DRINON et al., Plaintiffs, v K MART CORPORATION, Appellant, and NORTHLAND ASSOCIATES, INC. et al., Respondents. [691 NYS2d 622] —Mercure, J. Appeals (1) from a judgment of the Supreme Court (Lynch, J.), entered June 16, 1998 in Schenectady County, upon a verdict rendered in favor of plaintiffs against defendant K Mart Corporation, and (2) from an order of said court, entered September 11, 1998 in Schenectady County, which, *inter alia*, at the close of plaintiffs' case, dismissed the cross claims of defendant K Mart Corporation against defendants Northland Associates, Inc. and Cam-Ful Industries, Inc.

It is undisputed that plaintiff Doris Drinon (hereinafter plaintiff) sustained the injuries forming the basis for this action on December 28, 1994 when she tripped and fell over an unsecured plumbing clean-out cover on the sales floor of a retail store owned by defendant K Mart Corporation. The store building had been completed only four months prior to the accident; defendant Northland Associates, Inc. was the general contractor on the construction project and defendant Cam-Ful Industries, Inc. was the plumbing subcontractor that installed the underground sanitary system, including the plumbing clean-out at issue in this action. The action came on for trial and, at the conclusion of plaintiffs' case and after K Mart rested on its cross claims against Northland and Cam-Ful, Supreme Court found that neither plaintiffs nor K Mart had established a prima facie case against those defendants and accordingly dismissed the complaint and all cross claims against them. At the conclusion of the trial, the jury found that K Mart was liable for plaintiff's injuries and made an award of damages. K Mart appeals.

We affirm. Notably, the record is devoid of evidence that the dangerous or defective condition causing plaintiff's injury existed when Cam-Ful's plumbing work was completed, inspected and accepted by K Mart on or about August 29, 1994. Subsequently, the store was open 24 hours per day, patronized by approximately 50,000 to 100,000 customers each week, and the floors were stripped, cleaned, and waxed on a daily basis. No one ever informed Northland or Cam-Ful of additional work that needed to be done or problems that needed to be corrected regarding the clean-out covers. In addition, K Mart's operations manager testified that he examined the subject cover following plaintiff's accident and it appeared to him that it had been tampered with. Finally, we note that K Mart presented no expert evidence that either Northland or Cam-Ful deviated in any way from industry standards in the installation or inspection of the clean-outs. Under these circumstances, we agree with Supreme Court's conclusion that, upon the evidence presented, there was no rational process by which the jury could have based a finding in favor of K Mart (*see, Szczerbiak v Pilat*, 90 NY2d 553, 556; *Vaccaro v 5 Towns Refrig.*, 222 AD2d 576, *lv denied* 88 NY2d 808).

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment and order are affirmed, with costs.