**CHERYL WYANT et al., Appellant-Respondents, v PROFESSIONAL FURNISHING AND EQUIPMENT, INC., et al., Appellants, and ATLANTIC ENERGY SERVICES, INC., Respondent.** [819 NYS2d 792]—

Mercure, J. Appeal from an order of the Supreme Court (Williams, J.), entered September 14, 2005 in Saratoga County, which, inter alia, granted a motion by defendant Atlantic Energy Services, Inc. for summary judgment dismissing the complaint against it.

Plaintiff Cheryl Wyant, a special education teacher employed by the Moriah Central School District, sustained injuries when she sat in a seat that was missing a back while attending a school assembly on May 1, 2000. Wyant and her husband, derivatively, commenced this personal injury action against defendants Atlantic Energy Services, Inc., Professional Furnishings and Equipment, Inc. (hereinafter PFE) and Don Arceneaux and Jim Hayner, doing business as Cedar Valley Construction (hereinafter Cedar Valley). Defendants were, respectively, the construction manager, contractor and subcontractor involved in the removal and replacement of auditorium seating at Moriah Central High School.

Evidently, after removing the old seats and beginning installation of the new seats, PFE and Cedar Valley discovered that they could not complete the installation because the manufacturer had failed to deliver certain parts of the new seating. Cedar Valley partially installed the seats, leaving a bank of about 30 seats with open backs. Approximately one month before the date of the incident, PFE and Cedar Valley ceased work in the locked auditorium, advising Atlantic Energy, as well as the school principal and maintenance crew, that they would not return until the manufacturer delivered the remaining seat parts.

Following joinder of issue and discovery, defendants separately moved for summary judgment dismissing the complaint and all cross claims asserted against them. Supreme Court granted Atlantic Energy's motion, but denied PFE's and Cedar Valley's motions. Plaintiffs, PFE and Cedar Valley appeal.

It is well settled that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of . . . third partie[s]" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Three exceptions to this rule exist: (1) "where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk"; (2) "where the plaintiff has suffered injury as a result of reasonable reliance upon the defendant's continuing performance of a contractual obligation"; and (3) when the promisor has entirely displaced the other party's duty to safely maintain the premises (*Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002]; *see Espinal v Melville Snow Contrs.*, *supra* at 139-140; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-589 [1994]; *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 167-168 [1928]). Significantly, a showing greater than mere negligence is needed to establish tort liability stemming from a breach of contract (*see Palka v Servicemaster Mgt. Servs. Corp.*, *supra* at 586; *Rahim v Sottile Sec. Co.*, 32 AD3d 77 [2006]). "[T]he boundaries of duty are not simply contracted or expanded by the notion of foreseeability, for if [they] were, '[e]very one making a promise having the quality of a contract will be under a duty to the promisee by virtue of the promise, but under another duty, apart from contract, to an indefinite number of potential beneficiaries when performance has begun' " (*Palka v Servicemaster Mgt. Servs. Corp.*, *supra* at 586, quoting *Moch Co. v Rensselaer Water Co.*, *supra* at 168).

Here, there is no claim that the second exception applies to any of the defendants. Rather, plaintiffs argue that Atlantic Energy displaced the school's duty to safely maintain the school premises and that all three defendants created an unreasonable risk of harm.

To qualify under the third exception, the contract between Atlantic Energy and the school must be " 'comprehensive and exclusive' " such that Atlantic Energy "entirely absorb[ed]" the school's duty to keep the premises in a safe condition (*Espinal v Melville Snow Contrs.*, *supra* at 141; *see Seymour v David W. Mapes, Inc.*, 22 AD3d 1012, 1013 [2005]; *Hopps v Pengate Handling Sys. of N.Y.*, 307 AD2d 665, 666-667 [2003]). The contract between Atlantic Energy and the school district states that Atlantic Energy did not have "control over or charge of [the] acts or omissions of the" contractors and subcontractors and was not responsible for their "safety precautions and programs." In a subsequent provision, the school reserved the right "to award [further] contracts in connection with the Project which are not part of the Construction Manager's responsi-

bilities under this Agreement." This provision was later reflected in the school's contract with PFE, in which the contractor "accept[ed] full responsibility for the actions or omissions and for the satisfactory completion of the work of [the] subcontractors." Given such language, "there is no basis for concluding that [Atlantic Energy] assumed the responsibility of maintaining the premises safely to the extent of entirely displacing [the school's] responsibility" (*Timmins v Tishman Constr. Corp.*, 9 AD3d 62, 68 [2004], *lv dismissed* 4 NY3d 739 [2004]).

We are also unpersuaded by plaintiffs' claim that defendants affirmatively created or increased an unreasonable risk of harm to others in discharging their contractual duties, thereby "launch[ing] a force or instrument of harm" (*Moch Co. v Rensselaer Water Co., supra* at 168). Ordinarily, "a defendant who undertakes to render services and then negligently creates or exacerbates a dangerous condition may be liable for any resulting injury" (*Espinal v Melville Snow Contrs., supra* at 141-142 [2002]; *see Achtziger v Merz Metal & Mach. Corp.*, 27 AD3d 1137, 1138 [2006]). When applying this exception, we must consider whether defendants' performance of their contractual obligations made the school "less safe than before the construction project began" (*Timmins v Tishman Constr. Corp, supra* at 67; *see Church v Callanan Indus., supra* at 112; *Vega v S.S.A. Props., Inc.*, 13 AD3d 298, 302 [2004]; *Dennebaum v Rotterdam Sq.*, 6 AD3d 1045, 1047 [2004]).

We find that because Atlantic Energy neither assisted in nor was contractually responsible for the removal or installation of the auditorium seating, it could not have launched a force of harm causing Wyant's injury. Turning to plaintiffs' arguments regarding PFE and Cedar Valley, we note that when these defendants left the partially completed seats in the auditorium, they wrapped the seats in yellow caution tape,* warned the school's principal and maintenance crew that the seat backs were missing, advised that the auditorium should not be used until the installation was complete and expected to return within a month to complete their responsibilities. Moreover, the auditorium doors were locked when PFE and Cedar Valley left the school premises and neither defendant had a key. In light of these precautionary measures, temporarily leaving the partially

---

* Although it is undisputed that this tape had been removed at the time of Wyant's accident, representatives from PFE and Cedar Valley testified that it was in place one month earlier. While the school's superintendent testified that he could not remember if "any area of the auditorium [was] corded with" tape, plaintiffs failed to present any evidence actually disputing that such tape was initially present.

installed seats "cannot be said to have created or exacerbated a dangerous condition" (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002], *supra*). Accordingly, PFE and Cedar Valley "owed no cognizable duty" of care to Wyant and, therefore, their motions for summary judgment should have been granted (*Church v Callanan Indus.*, 99 NY2d 104, 114 [2002], *supra*).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions of defendants Professional Furnishings and Equipment, Inc. and Don Arceneaux and Jim Hayner, doing business as Cedar Valley Construction; motions granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.