■ KEITH OEFELEIN et al., Appellants, v CFI CONSTRUCTION, INC., et al., Respondents, et al., Defendants. [845 NYS2d 526]—

Crew III, J. Appeal from an order of the Supreme Court (Dowd, J.), entered October 5, 2006 in Otsego County, which, among other things, granted the motions of defendant CFI Construction, Inc. and defendant Amerigas Propane, L.P. for summary judgment dismissing the complaint against them.

On September 17, 2001, plaintiff Keith Oefelein injured his

right shoulder after allegedly tripping over an exposed piece of plastic gas pipe while working on a renovation project at Middleburgh High School in the Town of Middleburgh, Schoharie County. The gas line in question was damaged during certain excavation work and, upon the request of defendant Amerigas Propane, L.P., the independent gas vendor called in to replace the line, defendant CFI Construction, Inc., the prime contractor on the project, apparently hand-dug a trough to allow Amerigas access thereto. An Amerigas service technician installed a new line and left the damaged line in place in accordance with standard practice. After testing on the new line was complete, the line was secured and the area was backfilled. Although it is not entirely clear from the record who backfilled and rough graded the area in question,* it is undisputed that this work was accomplished nearly three weeks prior to Oefelein's accident and that upon completion of such work, the area was "all put back neat and ready to go." During those ensuing three weeks, this area was open to all the trades working on the renovation project, and any number of workers and contractors, over whom neither CFI nor Amerigas had any authority or control, passed through this area.

On the day that Oefelein was injured, he was in the process of carrying wooden planks to a certain location on the site and, in so doing, traversed the previously excavated site where the gas line had been repaired. After successfully making two or three trips across this area, his feet purportedly became entangled with the offending plastic protrusion, causing him to fall and sustain the injuries now alleged. Oefelein and his spouse, derivatively, thereafter commenced this personal injury action against, among others, CFI and Amerigas. Following joinder of issue and discovery, CFI and Amerigas each moved for summary judgment dismissing the complaint. Supreme Court granted their respective motions, and this appeal by plaintiffs ensued.

We affirm. The case law makes clear that the "breach of a contractual obligation will not be sufficient in and of itself to impose tort liability to noncontracting third parties upon the promisor" (*Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *Wyant v Professional Furnishing & Equip., Inc.*, 31 AD3d 952, 953 [2006]). Although plaintiffs allege that there is a question of fact as to whether CFI and/or Amerigas created or exacer-

---

* Although the Amerigas service technician testified at his examination before trial that he covered the pipe by hand with a shovel and then left the area for CFI to backfill, the CFI representative who subsequently inspected the area testified that the Amerigas service technician backfilled the trough.

bated the dangerous condition to which Oefelein succumbed— one of the three exceptions to the foregoing rule (*see Church v Callanan Indus.*, 99 NY2d at 111-112; *Wyant v Professional Furnishing & Equip., Inc.*, 31 AD3d at 953)—we cannot agree.

Supreme Court aptly observed, and the record indeed reveals, that neither CFI nor Amerigas performed any work at the site of Oefelein's accident for approximately three weeks prior thereto. During that time period, any number of contractors had access to the site, and no protrusions were noted at any time prior to Oefelein's fall. Notably, Oefelein passed through the area two or three times prior to his fall and failed to observe anything amiss. Additionally, regardless of which entity actually backfilled the trough dug for the replacement gas line, it is undisputed that the area was backfilled, rough graded and inspected shortly after Amerigas replaced the line on August 29, 2001, at which time the work was deemed "complete." Finally, there is nothing in the record to suggest that either CFI or Amerigas exercised any direction or control over the work performed by Oefelein or the other contractors on site. Simply put, short of conjecture, speculation or surmise, which, of course, is inadequate to defeat a motion for summary judgment, there is nothing in the record to support plaintiffs' claim that either CFI or Amerigas left the area where the gas line was replaced "less safe than before the construction project began" (*Timmins v Tishman Constr. Corp.*, 9 AD3d 62, 67 [2004], *lv dismissed* 4 NY3d 739 [2004]). Under such circumstances, Supreme Court properly granted the respective motions for summary judgment dismissing the complaint. Plaintiffs' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.