■ WILLIAM J. MORAN, III, Individually and as Parent and Guardian of CHANDLER MORAN, an Infant, Appellant, v CITY OF SCHENECTADY et al., Defendants, and DUNN ENGINEERING AS-SOCIATES, P.C., et al., Respondents. [851 NYS2d 655]—

Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered April 18, 2007 in Schenectady County, which granted the motions of defendants Dunn Engineering Associates, P.C., Dunn Engineering, P.C. and Transportation Concepts, LLP for summary judgment dismissing the complaint against them.

This personal injury action arises out of an accident which occurred at the intersection of State Street and Eastholm Road in the City of Schenectady, Schenectady County on June 18, 2003 when plaintiff's daughter (hereinafter the infant) was struck by a vehicle while attempting to cross State Street. That intersection was one of many intersections identified in a 2001 contract between defendants Dunn Engineering Associations, P.C. and Dunn Engineering, P.C. (hereinafter collectively referred to as Dunn) and the Capital District Transportation Authority, whereby Dunn had agreed to develop construction documents for the renovation of the traffic signal system in the City of

Schenectady for the purpose of improving bus operations along State Route 5 between Schenectady and the City of Albany. Dunn subcontracted a portion of the work to defendant Transportation Concepts, LLP.

Following the accident, plaintiff, individually and on behalf of the infant, commenced this action against defendant City of Schenectady (hereinafter the City), Dunn, Transportation Concepts, the driver of the vehicle that struck the infant and the driver of a vehicle who waved the infant on to cross the street. Dunn and Transportation Concepts (hereinafter collectively referred to as defendants) successfully moved for summary judgment dismissing the complaint against them. On plaintiff's appeal, we now conclude that defendants owed no actionable duty to plaintiff and, therefore, we affirm.

"[O]rdinarily, breach of a contractual obligation will not be sufficient in and of itself to impose tort liability to noncontracting third parties upon the promisor" (*Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]). A contractual obligation, even if breached, will give rise to a duty to noncontracting third parties in only three, limited situations: "(1) 'where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk'; (2) 'where the plaintiff has suffered injury as a result of reasonable reliance upon the defendant's continuing performance of a contractual obligation'; and (3) when the promisor has entirely displaced the other party's duty to safely maintain the premises" (*Wyant v Professional Furnishing & Equip., Inc.*, 31 AD3d 952, 953 [2006], quoting *Church v Callanan Indus.*, 99 NY2d at 111-112; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

Those facts pertinent to this matter which are not in dispute reveal that none of the exceptions to the general rule can be established here. The gravaman of plaintiff's complaint against defendants is that they negligently designed the subject intersection by failing to recommend and incorporate visual display pedestrian crossing signals, known as "pedestrian heads" or "ped heads," into the final intersection design.* The first exception is inapplicable here, as it is undisputed that the intersection did not have ped heads prior to the 2001 redesign effort. Thus, the alleged negligence of defendants could not have rendered the intersection "less safe than before the construction project

---

* Upon review of the final plans submitted by Transportation Concepts, representatives from the City and the Department of Transportation decided to place ped heads at the subject intersection. The ped heads were installed, but not yet operational, at the time of the infant's accident.

began" (*Wyant v Professional Furnishing & Equip., Inc.*, 31 AD3d at 954 [internal quotation marks and citations omitted]; *see Church v Callanan Indus.*, 99 NY2d at 112; *Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1220 [2007]).

Likewise, the uncontested facts cannot sustain a finding that the infant's injuries occurred because she reasonably relied on some aspect of defendants' continued performance of their contractual duties (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 140). Unlike a situation where, in the performance of its contractual duties, a defendant induces detrimental reliance by the plaintiff on its continued performance such that "inaction would result not 'merely in withholding a benefit, but positively or actively in working an injury' " (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [1990], quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 167 [1928]), here the infant did not rely on any contractual performance that was subsequently withheld. Indeed, the infant did not rely on the intersection's traffic signals at all; she testified in her deposition that she began crossing the street because the traffic came to a stop, and that she continued in her progress because one of the defendant drivers waved her on.

Finally, the contract in question clearly was not so "comprehensive and exclusive" so as to displace the City's duty, as landowner, to maintain the premises in a reasonably safe condition and, thus, to meet the third exception (*Espinal v Melville Snow Contrs.*, 98 NY2d at 141). Indeed, the City was not even a party to the contract—Dunn contracted with the Capital District Transportation Authority to upgrade traffic signals to facilitate bus priority improvements, not to insure, or even to enhance, pedestrian safety, and their plans for the intersections were submitted to the City and the Department of Transportation for review. Indeed, the City reviewed the plans, made changes and oversaw the implementation of the project. Under these circumstances, defendants in no way assumed the City's nondelegable duty to maintain its streets in a reasonably safe condition (*see id.*; *Wyant v Professional Furnishing & Equip., Inc.*, 31 AD3d at 953-954; *Seymour v David W. Mapes, Inc.*, 22 AD3d 1012, 1013 [2005]; *cf. Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-589 [1994]).

Finding no basis upon which to impose a duty by these defendants to the infant, we conclude that the complaint was properly dismissed against them.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.