◼ KATHRYN BRETHOUR et al., Appellants-Respondents, v ALICE HYDE MEDICAL CENTER, Respondent-Appellant, and S & W X-RAY, INC., Respondent. [924 NYS2d 620]—

Garry, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered September 1, 2010 in Franklin County, which, among other things, denied plaintiffs' cross motion for summary judgment and granted a motion by defendant S & W X-Ray, Inc. for summary judgment dismissing the complaint against it.

In 1996, defendant S & W X-Ray, Inc. installed X-ray equipment in defendant Alice Hyde Medical Center's hospital facility in the Town of Malone, Franklin County. The equipment included a keypad for data entry, which was attached with industrial-strength Velcro to a piece of equipment above the radiography table, so that technicians could remove the keypad to enter information and then reattach it. Pursuant to a maintenance agreement, S & W employees returned to the facility several times a year thereafter to respond to Alice Hyde's service calls and to provide preventive maintenance.

In 2002, a technician employed by Alice Hyde performed a radiological examination on plaintiff Kathryn Brethour (hereinafter plaintiff). As the technician positioned an X-ray tube over plaintiff, an electrical cord caught the keypad and pulled it off the equipment, causing it to fall and strike plaintiff's forehead. Plaintiff and her husband, derivatively, commenced personal injury actions against Alice Hyde and S & W claiming, among other things, negligence upon a theory of res ipsa loquitur. The actions were later consolidated by stipulation, and Alice Hyde asserted a cross claim against S & W for, among other things, product liability. Both defendants moved for summary judgment, and plaintiffs cross-moved for summary judgment against Alice Hyde. Supreme Court granted S & W's motion, dismissing plaintiffs' claims and Alice Hyde's cross claim against it, denied plaintiffs' cross motion and Alice Hyde's motion, and precluded plaintiffs from basing their negligence claims on res ipsa loquitur. Plaintiffs appeal, and Alice Hyde cross-appeals.

Initially, Alice Hyde contends that its cross claim and

plaintiffs' claims against S & W should not have been dismissed. We disagree. S & W's liability on these claims depends on a showing that its conduct proximately caused plaintiff's injury (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *Dickinson v Dowbrands, Inc.*, 261 AD2d 703, 703 [1999], *lv denied* 93 NY2d 815 [1999]). S & W satisfied its initial summary judgment burden by showing that it installed the X-ray equipment according to the manufacturer's specifications and Alice Hyde's instructions, that no problems related to the keypad's attachment occurred in the following six years, that the type of Velcro used to attach the keypad does not lose its strength over time, and that plaintiff's accident resulted from the acts or omissions of Alice Hyde's technician, who dislodged the keypad when she moved the equipment.

Alice Hyde attempted to raise triable issues of fact in response by contending that its maintenance contract with S & W was "comprehensive and exclusive" (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]) such that S & W bore responsibility for the safety of the equipment, displacing Alice Hyde's duty to keep its premises in a reasonably safe condition (*see Wyant v Professional Furnishing & Equip., Inc.*, 31 AD3d 952, 953 [2006]). No written contract was offered into the record, but the testimony established that S & W had performed the maintenance and repair of the X-ray equipment following the installation. An S & W employee testified that he visited Alice Hyde to repair or maintain the X-ray equipment "several times a year" and, further, that he had occasionally tested the security of the Velcro attachment while making other repairs.* Although this evidence fails to conclusively demonstrate that S & W's contractual responsibility included "exclusive control over all safety obligations" related to the X-ray equipment (*Edick v Paul deLima Co.*, 6 AD3d 864, 865 [2004]; *see Moran v City of Schenectady*, 47 AD3d 1001, 1003 [2008]; *compare Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d at 582-584), it may have posed issues of fact relative to S & W's duty. However, in light of the prima facie case proffered by S & W, it was incumbent upon Alice Hyde to reveal more than a potential duty; it was necessary to reveal factual issues regarding proximate cause. The record is devoid of any proof of defect or negligence in S & W's maintenance or repair of the equipment. The S & W employee testified that he never noticed that the keypad was not properly attached, nor received any service calls from Alice Hyde reporting such a problem. No party made any

---

* The employee recalled testing the security of the Velcro on "[a]t least two" occasions and might have done so more often.

showing that S & W's installation, maintenance or inspection of the X-ray equipment "deviated in any way from industry standards" (*Drinon v K Mart Corp.*, 262 AD2d 727, 728 [1999]). In the absence of any evidence that the Velcro was worn or defective, Alice Hyde's theory that it could have weakened over time was merely " 'unfounded speculation, which is insufficient to deny summary judgment' " (*Avina v Verburg*, 47 AD3d 1188, 1189 [2008], quoting *Sauer v Mannino*, 309 AD2d 1053, 1054 [2003]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, the claims against S & W were properly dismissed.

We further find the preclusion of plaintiffs' res ipsa loquitur claim appropriate. This doctrine is properly invoked where an injured party lacks direct evidence of negligence or the specific cause of an event or occurrence, and must rely solely upon circumstantial evidence; in such circumstances a jury may be allowed to infer that a defendant "was negligent in some unspecified way" if the plaintiff demonstrates the existence of three specific criteria (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 205-206, 209 [2006]; *see Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *see also* 1A NY PJI3d 2:65, at 378-379 [2011]). Here, the uncontroverted record reveals that the keypad "popped off" its attachment and fell upon being struck by a cord moved by a hospital technician. Supreme Court correctly found this direct evidence sufficient to support a cause of action sounding in negligence, rendering the res ipsa claim inapplicable (*compare Bonura v KWK Assoc.*, 2 AD3d 207, 208 [2003]).

Finally, plaintiffs' cross motion for summary judgment was properly denied. We wholly reject the assertion that Alice Hyde conceded either negligence or proximate cause by offering limited concessions solely for purposes of the cross motion. As Supreme Court noted, there are factual issues relative to foreseeability requiring a jury determination (*see Rivera v New York City Tr. Auth.*, 77 NY2d 322, 329 [1991]; *Smith v Taylor*, 304 AD2d 902, 904 [2003]).

Peters, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.