Morales v Digesare Mech., Inc. (2019 NY Slip Op 07665)





Morales v Digesare Mech., Inc.


2019 NY Slip Op 07665


Decided on October 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 24, 2019

527564

[*1]Samuel Morales, Respondent,
v
Digesare Mechanical, Inc., Appellant.

Calendar Date: September 5, 2019

Before: Garry, P.J., Lynch, Mulvey and Devine, JJ.


Law Offices of Theresa J. Puleo, Syracuse (Michelle M. Davoli of counsel), for appellant.
Basch & Keegan, Kingston (Derek J. Spada of counsel), for respondent.



Lynch, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered September 5, 2018 in Ulster County, which denied defendant's motion for summary judgment dismissing the complaint.
Plaintiff, a correction officer at a state correctional facility, was injured in July 2016 after he stumbled and fell while walking through a grassy field on facility property. He commenced this action against defendant, a contractor who had been retained by the Office of General Services (hereinafter OGS) to perform certain heating and plumbing work at the facility. Plaintiff alleged that he fell in a rut or depression that defendant created with its construction equipment. After issue was joined, defendant moved for summary judgment. Supreme Court denied the motion, and defendant appeals.
A contracting party generally does not owe a duty of care to a noncontracting third party (see Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257 [2007]). The Court of Appeals has recognized three exceptions to this general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. [internal quotation marks, brackets and citations omitted]; see Innovation Assoc., Inc. v Filbin Painting, Inc., 167 AD3d 1291, 1292 [2018]). We agree with Supreme Court's determination that defendant established its entitlement to summary judgment as a matter of law by submitting proof in evidentiary form that it did not create the allegedly hazardous condition (see Oefelein v CFI Constr., Inc., 45 AD3d 1002, 1004 [2007]). More specifically, defendant's project manager testified that its large equipment was last on the project site in October 2015, and the owner's representative signed off on the ground restoration work that had been performed by defendant's subcontractor in March 2016.
We also agree with Supreme Court's determination that plaintiff's submissions raised material factual questions barring summary judgment. Defendant notes, correctly, that plaintiff testified first that construction in the field was completed at the end of 2015 and, later, that he observed defendant using a "scissor lift with the big tires" in the field sometime within one month prior to his injury. Specifically, he recalled that defendant was insulating the pipes that had been installed at the end of November 2015. In an affidavit, plaintiff confirmed that the only large machinery that he ever observed in the field was operated by defendant or its agents. On a motion for summary judgment, we do not assess credibility (see Ferrante v American Lung Assn., 90 NY2d 623, 631 [1997]; Rock-Wright v O'Connor, 172 AD3d 1507, 1509 [2019]). Because the evidence indicates that work was being done and ruts remained in the area in the spring prior to plaintiff's fall, we are unable to conclude that plaintiff's testimony was incredible as a matter of law (compare Stone v Donlon, 156 AD3d 1308, 1312-1313 [2017], lv dismissed 31 NY3d 1109 [2018], lv denied 33 NY3d 903 [2019]). Further, although it is certainly more specific, we do not agree that plaintiff's affidavit "directly contradict[ed]" his prior sworn testimony (Sullivan v Schindler El. Corp., 94 AD3d 1207, 1208-1209 [2012]; compare Ginty v American Funds Serv. Co., 121 AD3d 1452, 1453 [2014]).
Garry, P.J., Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, with costs.