■ MOBIL OIL CORPORATION, Respondent-Appellant, v WELL-POINT DEWATERING CORPORATION et al., Appellants-Respondents. N. H. VANSON CONSTRUCTION CO., INC., Third-Party Plaintiff-Appellant, v MOBIL OIL CORPORATION, Third-Party Defendant-Respondent. WELLPOINT DEWATERING CORPORATION, Third-Party Plaintiff-Appellant, v MOBIL OIL CORPORATION, Third-Party Defendant-Respondent. GRIFFIN WELLPOINT CORPORATION, Third-Party Plaintiff-Appellant, v MOBIL OIL CORPORATION, Third-Party Defendant-Respondent. ■

Although indemnity agreements are susceptible of interpretation that they do not expire on completion of the work under the contract, they must be interpreted in light of "the language and purposes of the entire agreement, and the surrounding facts and circumstances" (*Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153). *Inman v Binghamton Hous. Auth.* (3 NY2d 137) is controlling on the issue before us. The personal injury action there was brought on behalf of a two-year-old child who sued his landlord, Binghamton Housing Authority, for injuries which he sustained when he fell off a rear porch which had no protective railing. The Housing Authority brought a third-party action against the contractor. The issue before the Court of Appeals (p 147) was whether the Housing Authority was entitled to contractual indemnification under a provision in the construction contract which required the contractor to indemnify it and hold it harmless for injuries " 'arising out of or in connection with the performance of the Work' ". The court held that although the clause was worded broadly, it was "to be construed in the light of the 'apparent object of the parties' [citations omitted]" (*Inman v Binghamton Hous. Auth., supra,* p 147), and concluded that the

language, which is nearly identical to that in the present case, could not reasonably be construed to require the contractor to indemnify the Housing Authority for an accident which occurred six years after completion of the work. The same conclusion is reached here. The risk which the parties were attempting to allocate under the agreements was that of liability to third parties arising during the course of the construction work. Such agreements "may not reasonably be read to place upon the [contractors] a burden which [they] did not expressly assume and which it is inconceivable [they] would have accepted" (*Inman v Binghamton Hous. Auth., supra,* p 148).

Special Term erred in finding that there are factual issues as to whether the parties intended the indemnification agreement to expire upon completion of the contract. This issue is purely a matter of contract interpretation. As there is no ambiguity in the contract and Mobil has failed to come forward with extrinsic evidence to indicate that the parties intended the indemnification agreement to continue beyond the contract term, summary judgment must be granted to Wellpoint declaring that it is not obligated to indemnify Mobil (*Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554-555; *Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *Hartford Acc. & Indem. Co. v J. J. Wicks, Inc.,* 104 AD2d 289, 292). Wellpoint's affiliate, Griffin Wellpoint, was not a party to the indemnification agreement between Wellpoint and Mobil; hence, Mobil is not entitled to assert a claim of contractual indemnification against it and summary judgment must be granted to Griffin as well. Since Mobil has no contractual claim for indemnification against Wellpoint and Griffin, they are entitled to summary judgment dismissing Mobil's affirmative defense of contractual indemnity as asserted in the third-party actions. Third-party plaintiff Vanson was not a party to the declaratory judgment action; however, the same reasoning applies to the indemnity agreement between it and Mobil. Accordingly, Vanson's motion for summary judgment dismissing Mobil's affirmative defense of contractual indemnity must also be granted. (Appeals from order of Supreme Court, Erie County, Gossel, J. — summary judgment.) Present — Dillon, P. J., Doerr, Denman, Boomer and O'Donnell, JJ.