(March 5, 1991)

■ WILLIAM A. WHITE/TISHMAN EAST, INC., Appellant, v
STANISLAVA BANKO et al., Respondents.—Order, Supreme
Court, New York County (Karla Moskowitz, J.), entered on
April 6, 1990, which, *inter alia,* denied plaintiff's motion
pursuant to CPLR 3212 for summary judgment and granted
defendant's cross-motion for summary judgment to the extent
of dismissing the second, third and fourth causes of action of
the complaint, unanimously, modified, on the law, to the
extent of granting plaintiff summary judgment on the first
cause of action, and otherwise affirmed, without costs. The
Clerk is directed to enter judgment on the first cause of action
in favor of the plaintiff in the amount of $33,000.

The essential facts are not in dispute. Plaintiff-appellant
William A. White/Tishman East, Inc. (White/Tishman) is a
New York real estate brokerage corporation, which acted, in
the instant transaction, through its co-chairman, Louis Smad-
beck. Defendant Stanislava Banko, an officer of defendant
Surgical Design Corp. ("Surgical") was the owner of a building
located at 348 East 50th Street in Manhattan. Through Con-
troller Andrew Greenberg, Surgical acted as Banko's agent,
and listed the subject premises with White/Tishman, by con-
tract dated June 8, 1987; this agreement provided for 6%
commission.

On September 10, 1987, the agreement was amended to
provide for a commission of $33,000, or, in the alternative, if
the price at closing was less than $600,000, 6% up to $500,000
and 3% of any additional sale price. The contract further
provided for the seller to receive total consideration as a
condition precedent to payment of the commission.

Also on September 10, 1987, defendant Banko entered into a

contract for the sale of the subject property; this agreement specified that White/Tishman "brought the premises to the attention of the purchaser and was instrumental in bringing about the transaction." It is uncontradicted that the purchaser, TSNY Realty Corp., was ready, willing and able to purchase the subject property. Defendants received $200,000 in cash when Banko and TSNY executed the contract; the balance of the purchase price consisted of a purchase money mortgage for $400,000, at an interest rate of 8%.

On January 5, 1988, Banko and Smadbeck, on behalf of White/Tishman, executed a letter agreement prepared by Banko's counsel. This agreement provided, in pertinent part: "In order to induce my client to accept a purchase money mortgage in the sum of $400,000.00 which is payable on April 5, 1989, you agree that such commission will not be due until such time as the aforementioned purchase money mortgage is *paid in full.*" (Emphasis added.)

The purchaser subsequently defaulted and, in July 1989, Banko sold the mortgage, which was for $400,000, to a disinterested party at $300,000. The central question in the litigation at hand is the meaning of the phrase "paid in full." Banko contends that "paid in full" means that the mortgage must be paid to the full amount of its face value, and that she thus has not been paid in full; she accordingly contends that a condition precedent was not satisfied and that she should not have to pay White/Tishman. White/Tishman contends that Banko has been paid in full because there has been a final satisfaction of the mortgage, and that it has satisfied its obligation and earned the $33,000 commission.

Preliminarily, we note that it is well-settled that in construing a contract, any ambiguities in an agreement are to be interpreted "most strongly against the draftsman", as long as the particular interpretation would not lead to an absurd result. *(Reape v New York News,* 122 AD2d 29, 30 [2d Dept 1986].) On the four corners of the agreement in issue, we find ourselves in agreement with White/Tishman as to how the letter agreement should be read. This is true regardless of the undisputed fact that defendants lost $100,000, which loss appears to be the result of a unilateral and voluntary transaction. *(See, Aloi v Board of Educ.,* 81 AD2d 874, 876 [2d Dept 1981].)

We therefore find ourselves unable to sustain Supreme Court's holding, insofar as it denied plaintiff's motion for summary judgment as to the first cause of action, alleging

breach of the brokerage agreement, as we disagree with its conclusion that "[t]he January 5, 1988 letter presents a material issue of fact as to whether the parties intended deferral of payment or a condition precedent to entitlement of payment." *(See, Leighton's Inc. v Century Circuit,* 95 AD2d 681, 682-683 [1st Dept 1983].)* Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.