■ LUCILLE MAESE, Respondent, v STEPHEN ARKIN, Appellant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about February 11, 1991, which, *inter alia,* granted petitioner's motion to punish respondent for contempt to the extent of directing respondent to pay to petitioner's attorney his fee of $23,175, and the order of the same court, entered on or about February 25, 1992, which denied respondent's motion to vacate his default on an intervening motion to hold him in contempt, unanimously affirmed, without costs.

Appeal from the order of same court, entered February 5, 1992, which upon respondent's default, granted petitioner's motion to hold respondent in contempt, unanimously dismissed.

We agree with the IAS Court that under the so-ordered stipulation of January 26, 1990, respondent is liable for the reasonable value of petitioner's attorney's fees for enforcement services provided by him since July 1989. While paragraph 5 of the stipulation, which relieves respondent of any obligation to pay fees in the event he makes certain monthly payments, is in conflict with paragraph 6, which makes respondent responsible for petitioner's attorney's fees in the event he fails to make a certain escrow payment, this ambiguity need not be resolved in favor of respondent, the non-drafter, because to do so would create an absurd result *(White/Tishman E. v Banko,* 171 AD2d 401, 402, *lv denied* 78 NY2d 857) by rendering paragraph 6 meaningless *(Two Guys v S.F.R. Realty Assocs.,* 63 NY2d 396, 403).

The appeal from the February 5, 1992 order holding respondent in contempt is dismissed since no appeal lies from an order entered upon default (CPLR 5511). Respondent's motion

to vacate his default was properly denied. "While disposition on the merits is favored, this preference does not justify vacating a default judgment where the moving party fails to satisfy the two-prong burden of showing a meritorious defense and reasonable excuse for the default" *(Dimitratos v City of New York,* 180 AD2d 414). Rejection of respondent's excuse was not an abuse of discretion *(see, supra,* at 415), and, because both prongs must be satisfied there was no need to reach the merits of respondent's defense.

We have considered respondent's remaining arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin, Wallach and Kupferman, JJ.