■ James C. Tighe et al., Plaintiffs, v American Compressed Gases, Inc., et al., Defendants. (And a Third-Party Action.) Quantum Chemical Corporation, Second Third-Party Plaintiff-Respondent, et al., Second Third-Party Plaintiffs, v Texas Eastern Transmission Corporation, Second Third-Party Defendant-Appellant. Quantum Chemical Corporation, Third Third-Party Plaintiff-Respondent, et al., Third Third-Party Plaintiff, v Texas Eastern Products Pipeline Company, Third Third-Party Defendant-Appellant. [668 NYS2d 610] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered January 30, 1997, which, insofar as appealed from, granted second and third third-party plaintiff Quantum Chemical Corporation's motion for summary judgment dismissing second and third third-party defendants Texas Eastern Transmission Corporation's and Texas Eastern Products Pipeline Company's counterclaims and affirmative defenses for contractual indemnity, and denied that portion of the Texas Eastern defendants' cross motion for summary judgment dismissing Quantum's contribution claims, unanimously affirmed, with costs.

The court correctly perceived that under the appealing parties' Terminal Access Agreement, Texas Eastern, the supplier of the liquid propane gas that plaintiffs in the main action allege was not properly odorized, was required to supply Quantum, an indirect distributor of the gas to plaintiffs' employer, with liquid propane gas containing malodorant sufficient to meet the Federal standards; that Quantum had no obligation to indemnify Texas Eastern for noncompliance with the Federal standards unless its agent or representative ordered non-odorized or "unstenched" liquid propane; and that there was no evidence of any such request. Undoubtedly, under paragraph 6 of the Terminal Access Agreement, the delivery

truck driver had some obligation to make sure that the liquid propane being loaded onto the truck was properly odorized. However, there are at least three indemnity provisions written into other parts of the contract, and the drafter's failure to include an indemnity provision in paragraph 6 precludes Texas Eastern's contractual indemnity claims (*see, Margolin v New York Life Ins. Co.*, 32 NY2d 149, 153; *White/Tishman E. v Banko*, 171 AD2d 401, 402, *lv denied* 78 NY2d 857; *Mobil Oil Corp. v Wellpoint Dewatering Corp.*, 110 AD2d 1085, 1086). Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.