■ ROSALIE DENNEBAUM, Respondent, v ROTTERDAM SQUARE, L.P., Respondent, and CLIFFORD H. QUAY & SONS, INC., Appellant, et al., Defendants. [776 NYS2d 136]—

Mercure, J. Appeal from an order of the Supreme Court (Kramer, J.), entered November 14, 2003 in Schenectady County, which denied a motion by defendant Clifford H. Quay & Sons, Inc. for summary judgment dismissing the amended complaint and cross claims by defendant Rotterdam Square, L.P. against it.

Plaintiff commenced this action after sustaining injuries when she tripped on the sidewalk outside the Rotterdam Square Mall in January 2001. The sidewalk was constructed by defendant Clifford H. Quay & Sons, Inc. in 1988 pursuant to a contract with defendant Rotterdam Square, L.P. Asserting that Quay was negligent in its construction, maintenance or servicing of the sidewalk, Rotterdam Square commenced a third-party action against Quay for indemnification or contribution. Plaintiff subsequently amended her complaint to add Quay as a defendant. Thereafter, Supreme Court denied Quay's motion for summary judgment dismissing the amended complaint and Rotterdam Square's claim against it. Quay appeals and we now reverse.

A duty of care to noncontracting third parties arises out of performance of a contractual obligation under only three sets of circumstances: "first . . . where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk[;] . . . second . . . where the plaintiff has suffered injury as a result of reasonable reliance upon the defendant's continuing performance of a contractual obligation[; and] . . . [t]hird . . . 'where the contracting party has entirely displaced the other party's duty to maintain the premises safely' " (*Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). Here, any duty of care that Quay had with respect to the installation of the sidewalk arose out of its contract with Rotterdam Square. Plaintiff and Rotterdam Square do not allege either detrimental reliance or that Quay assumed " 'comprehensive and exclusive' " maintenance duties under the contract sufficient to implicate the second or third exceptions (*see Espinal v Melville Snow Contrs., supra* at 140, quoting *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]). Therefore, the dispositive question is whether Quay " 'launched a force or instrument of harm,' [i.e.,] . . . negligently create[d] or exacerbate[d] a

dangerous condition" (*Espinal v Melville Snow Contrs., supra* at 141-142, quoting *H.R. Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168 [1928]).

Plaintiff asserts that the alleged defect in the sidewalk—an uneven contour between slabs—was the result of inadequate joint construction. The record demonstrates that "expansion" and "contraction" joints were used in the construction of the sidewalk. Plaintiff submitted an expert's report indicating that expansion joints allow concrete slabs in a sidewalk to shift in relation to each other with changing temperatures, potentially creating height differentials between slabs over time. The expert concluded that only contraction or "construction" joints should have been used. Like the failure to install 100 feet of "guiderailing called for by the contract[s]" (*Church v Callanan Indus., supra* at 110) or the failure "to furnish an adequate supply of water" (*H.R. Moch Co. v Rensselaer Water Co., supra* at 169), the failure to use a particular type of joint in sidewalk construction, resulting in an uneven contour 13 years after construction, is hardly the creation or exacerbation of a dangerous condition or the " 'launch[ing of] a force or instrument of harm' " (*Espinal v Melville Snow Contrs., supra* at 141). Accordingly, inasmuch as plaintiff failed to establish that Quay owed her a duty of care, the amended complaint and Rotterdam Square's claim for common-law indemnification must be dismissed (*see id.* at 142). Further, the parties' remaining contentions, including Rotterdam Square's assertion that a question of fact exists regarding its claim for contractual indemnification, are similarly meritless.

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion of defendant Clifford H. Quay & Sons, Inc. for summary judgment granted and amended complaint and claims by defendant Rotterdam Square, L.P. dismissed against it.