■ THERESA MAGRUM, Respondent, v DEE DEE'S A TAVERN, INC., et al., Appellants. [784 NYS2d 670]—

Crew III, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered February 13, 2004 in Albany County, which, inter alia, denied defendants' motions for summary judgment dismissing the complaint.

In December 1997, defendant Dee Dee's A Tavern, Inc. (hereinafter the Tavern) hired defendant James Burton to entertain its patrons with karaoke performances on Sunday evenings. For such performances, which Burton had been offering at the Tavern for at least two or three years prior to this time, Burton provided his own sound equipment, including two 35-pound speakers. Burton mounted one of the speakers on a tripod and placed the other on top of an electronic dart game located near where patrons typically danced on Sunday evenings. Shortly after Burton finished his performance on the night in question,

and while plaintiff was dancing with another patron, the speaker sitting atop the dart game fell, struck plaintiff on the head and rendered her unconscious.

Plaintiff thereafter commenced this negligence action against the Tavern and Burton. Following joinder of issue and discovery, defendants separately moved for summary judgment dismissing the complaint and the respective cross claims asserted against them. Plaintiff opposed such motions and cross-moved for an extension of the discovery deadline. In a thorough and well-reasoned decision, Supreme Court denied defendants' respective motions and granted plaintiff's cross motion—the latter with the proviso that her failure to complete discovery within the time allotted by the court would result in dismissal of her complaint. This appeal by defendants ensued.

We affirm. Supreme Court found, and the record as a whole supports the conclusion, that Burton was an independent contractor. And, to be sure, " 'as a general rule, a party who engages an independent contractor is not liable for the independent contractor's negligence because that party has no right to supervise or control the work being performed' " (*Harjes v Parisio*, 1 AD3d 680, 680 [2003], *lv denied* 1 NY3d 508 [2004], quoting *Richardson v Simone*, 275 AD2d 576, 576 [2000]). Nonetheless, as Supreme Court aptly observed, certain exceptions to this general rule exist, including, insofar as is relevant to the instant appeal, where the owner is on notice of a dangerous condition negligently created by the independent contractor and has a reasonable amount of time in which to remedy such condition but fails to do so (*see e.g. Toscarelli v Purdy*, 217 AD2d 815, 816-817 [1995]; *Del Signore v Pyramid Sec. Servs.*, 147 AD2d 759, 760 [1989]).

Here, there is ample evidence in the record that Burton's placement of the speaker atop the electronic dart game may well have created a hazardous condition. There is no dispute that the speaker in question, weighing approximately 35 pounds and positioned well above the heads of the Tavern's patrons, was completely unsecured, i.e., there was nothing, including the composition of its surface, to keep it from sliding off the top of the dart game. Additionally, as noted previously, the dart game was located in the general area where patrons would dance, and there was testimony that patrons playing the dart game would punch, kick or knock into the machine during the course of play. It is equally apparent from the record that the Tavern's owner was well aware of the placement of the speaker atop the dart game and the fact that it was not secured in any fashion. Indeed, the owner testified that Burton had positioned the

speaker in this manner for "several years" prior to the incident involving plaintiff. Thus, regardless of whether the speaker was flush against the top of the dart game, as depicted in the photograph contained in the record on appeal, or positioned "kitty corner," as one of the Tavern's patrons testified was Burton's customary practice, the record is more than sufficient to raise a question of fact as to whether Burton created a dangerous condition in the placement of the unsecured speaker and, further, whether the Tavern allowed such condition to persist despite ample opportunity to remedy it. Although the lack of an eyewitness to the accident and plaintiff's apparent lack of memory of the incident may well pose a problem with regard to causation, plaintiff nevertheless has adduced sufficient circumstantial evidence to survive defendants' motions for summary judgment dismissing the complaint. Defendants' remaining contentions, including their assertion that Supreme Court abused it discretion in granting plaintiff additional time to complete discovery, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.