THOMAS J. LUBY, Respondent, v ROTTERDAM SQUARE, L.P., Respondent, and CLIFFORD H. QUAY & SONS, INC., Appellant, et al., Defendant. [850 NYS2d 252]—

Peters, J. Appeals (1) from an order of the Supreme Court (Reilly, Jr., J.), entered January 17, 2007 in Schenectady County,

which, among other things, denied a motion by defendant Clifford H. Quay & Sons, Inc. for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered May 10, 2007 in Schenectady County, which, upon reargument, denied a cross motion by defendant Rotterdam Square, L.P. for summary judgment on its indemnification cross claim.

As part of the construction of the Rotterdam Mall in 1988 in the Town of Rotterdam, Schenectady County, defendant Clifford H. Quay & Sons, Inc. entered into a contract with defendant Rotterdam Square, L.P., which included, as here relevant, the construction of sidewalks and handicapped accessible ramps outside the mall. The contract directed that such construction be performed pursuant to the architectural plans drawn by defendant Marc Weissman & Associates, Inc. It is undisputed that Quay's construction of such sidewalks and ramps was performed pursuant to such plans and as further directed by Rotterdam Square's construction manager, Wilmorite. Upon Quay's completion of its work, it was approved by Wilmorite as well as the Town.

In April 2002, 14 years after Quay completed construction, plaintiff fell when he stepped on the transition flare of a handicapped ramp constructed by Quay. Due to the injuries he sustained, this action was commenced against Rotterdam, Weissman and Quay; Rotterdam cross-claimed against Quay for contractual indemnification and Quay moved for summary judgment dismissing plaintiff's complaint. Rotterdam then cross-moved for summary judgment on its indemnification cross claim against Quay. Supreme Court denied Quay's motion for summary judgment yet awarded such relief to Rotterdam regarding Quay. Upon Quay's motion for renewal and reargument, Supreme Court again denied Quay's motion for summary judgment, but vacated its award of summary judgment to Rotterdam. Only Quay appeals.

A threshold question in this negligence action is whether Quay owed a duty of care to plaintiff (*see Church v Callanan Indus.*, 99 NY2d 104, 110-111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Typically a breach of a contractual obligation will not be sufficient to impose tort liability in favor of a third party unless one of three conditions is established (*see Church v Callanan Indus.*, 99 NY2d at 111-112; *Espinal v Melville Snow Contrs.*, 98 NY2d at 140; *Dennebaum v Rotterdam Sq.*, 6 AD3d 1045, 1046 [2004]). As here relevant, we must decide whether Quay's construction of the handicapped ramp met one of those three conditions, i.e., did Quay " 'launch[ ] a force or instrument of harm' " (*Espinal v Melville*

*Snow Contrs.*, 98 NY2d at 141, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *accord Dennebaum v Rotterdam Sq.*, 6 AD3d at 1046-1047). In support thereof, plaintiff submitted the affidavit of Joseph Bianchine, an engineer, which explained that the slope of the transition flares of the ramp did not conform to the New York State Fire Prevention and Building Code as it existed in 1988. Upon that basis, plaintiff contends that Quay should have known that constructing the ramp in this manner created a dangerous condition.

Plaintiff's proffer fails as a matter of law. As Quay's construction of the ramp conformed to the architectural drawings implemented under the direction of Wilmorite, and with Wilmorite and the Town having inspected and approved Quay's work after its completion, we cannot conclude that even if there was a violation of the Code as it existed in 1988, Quay's construction of such ramp rose to the requisite standard of creating a dangerous condition so as to " 'launch[ ] a force or instrument of harm' " (*see Espinal v Melville Snow Contrs.*, 98 NY2d at 141, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *accord Dennebaum v Rotterdam Sq.*, 6 AD3d at 1046-1047).

Next deciding whether Quay is entitled to summary judgment dismissing Rotterdam's cross claim for contractual indemnification, as Quay now argues, we note that despite the fact that Quay did not move for such relief, we may nonetheless search the record and grant such judgment if appropriate (*see* CPLR 3212 [b]; *Via Health Home Care, Inc. v New York State Dept. of Health*, 33 AD3d 1100, 1102 [2006]; *Falsitta v Metropolitan Life Ins. Co.*, 279 AD2d 879, 881 [2001]). Recognizing that each provision of the contract must be harmonized with all other provisions (*see Matter of Bombay Realty Corp. v Magna Carta*, 100 NY2d 124, 127 [2003]), and that when it comes to an indemnity provision, the language "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]), we are cautioned against finding that obligation unless both the language and purpose of the agreement indicates that it was clearly intended (*see id*. at 491-492; *Szalkowski v Asbestospray Corp.*, 259 AD2d 867, 869 [1999]). We do not read this provision to so indicate.

The indemnification clause at issue relates to Quay's obligation to comply with all applicable laws and ordinances during its performance of the work "in order to complete the work contemplated in th[at] Agreement." This interpretation is in harmony with other parts of the agreement, which include a

separate clause for indemnification regarding damages to persons or property caused by Quay during its performance of the work. As our interpretation comports with the " 'apparent object of the parties' " (*Inman v Binghamton Hous. Auth.*, 3 NY2d 137, 147 [1957], quoting *Gillet v Bank of Am.*, 160 NY 549, 555 [1899]) and we have, in other circumstances, refused to place a burden upon a contractor "which he did not expressly assume and which it is inconceivable he would have accepted" (*Inman v Binghamton Hous. Auth.*, 3 NY2d at 148; *see Mobil Oil Corp. v Wellpoint Dewatering Corp.*, 110 AD2d 1085, 1086 [1985]), we will dismiss Rotterdam's claim for contractual indemnification as a matter of law (*see Dennebaum v Rotterdam Sq.*, 6 AD3d at 1047).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the orders are modified, on the law, with costs to defendant Clifford H. Quay & Sons, Inc., by reversing so much thereof as denied said defendant's motion for summary judgment; motion granted, complaint dismissed against said defendant and summary judgment awarded to said defendant dismissing the cross claim of defendant Rotterdam Square, L.P. for contractual indemnification; and, as so modified, affirmed.