■ MATTHEW R. SCISCENTE, Appellant, v LILL OVERHEAD DOORS, INC., Respondent. [910 NYS2d 248]—

McCarthy, J. Appeal from an order of the Supreme Court (Hummel, J.), entered June 15, 2009 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, a mechanic, was injured at work when a garage door struck him on the head in December 2005. The parties dispute whether the door was accidentally pulled down onto plaintiff by a coworker or whether it descended on its own. Defendant had installed several garage doors for plaintiff's employer in 1993 and repaired them on an as-needed basis when called by the employer. The most recent repair defendant performed prior to plaintiff's accident was in June 2003.

Plaintiff commenced this action alleging that defendant negligently installed, maintained and repaired the garage door. Defendant moved for summary judgment dismissing the complaint. Finding that defendant owed plaintiff no duty of care, Supreme Court granted the motion. Plaintiff appeals.

Defendant was entitled to summary judgment because it owed no duty to plaintiff. Courts must decide as a matter of law the threshold issue of whether an alleged tortfeasor owed a duty of care to the injured person (see Church v Callanan Indus., 99 NY2d 104, 110-111 [2002]). Breach of a contractual obligation generally will not be sufficient to impose tort liability for injury to a noncontracting third party, with three exceptions: (1) where the defendant, by failing to exercise reasonable care in discharging its contractual obligations, "creates an unreasonable risk of harm to others, or increases that risk"; (2) where the plaintiff is injured as a result of reasonable reliance upon the defendant's continued performance under the contract; and (3) where the defendant completely displaced another party's duty to safely maintain its premises (id. at 111-112; see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). Plaintiff relies only on the first exception, alleging that defendant " 'launche[d] a force or instrument of harm' " by improperly installing and repairing the garage door (Espinal v Melville Snow Contrs., 98 NY2d at 140, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928]). The record does not establish that this exception applies.

Defendant installed the garage doors in 1993. Each door was raised and lowered somewhere between 10 and 25 times each day. Plaintiff's employer never had a service or maintenance contract with defendant, instead calling only on an emergency basis such as when a door would not open. The employer's president testified that he never complained to defendant about the

condition of the doors after any service call. Invoices and testimony showed that between 1993 and 2003 defendant was called and performed service at the employer's premises only seven times, although plaintiff's coworker testified that defendant responded to service calls once or twice a year. Regardless of the frequency, the evidence fails to prove which of multiple doors defendant provided service for during any particular call. Even accepting that defendant repaired the doors annually or semiannually and was informed that the doors sometimes spontaneously descended after they were opened, plaintiff has not raised a question of fact regarding defendant's duty. Defendant's installation of the garage door 12 years prior to plaintiff's accident, and servicing of the door—assuming that the last door serviced was even the door that came into contact with plaintiff's head—2¹/₂ years prior to the accident, cannot be considered "the creation or exacerbation of a dangerous condition or the ' "launch[ing of] a force or instrument of harm" ' " (*Dennebaum v Rotterdam Sq.*, 6 AD3d 1045, 1046 [2004], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d at 141; *see Luby v Rotterdam Sq., L.P.*, 47 AD3d 1053, 1055 [2008]). Without proof of a duty of care owed by defendant to plaintiff, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.