■ JOHN F. LaMOY et al., Appellants, v MH CONTRACTORS, LLC, Respondent. [911 NYS2d 203]—

Spain, J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered July 30, 2009 in Albany County, upon a dismissal of the complaint at the close of plaintiffs' case.

In early 2003, defendant entered into a contract with the Albany International Airport to build a three-foot-high wooden deck at the entrance to a building on airport property which was leased to a commuter airline. Approximately one year later, on April 8, 2004, plaintiff John F. LaMoy (hereinafter plaintiff), an employee of the lessee commuter airline, leaned against the deck handrail while on break; it gave way and he fell to the ground, reportedly sustaining numerous injuries. Plaintiff and his wife, derivatively, commenced this action against defendant deck builder, claiming it had negligently constructed the deck causing the handrail to become detached from the building exterior.[1] After the close of plaintiffs' proof at the trial on liability, Supreme Court granted defendant's motion to dismiss the complaint, finding that defendant did not owe plaintiff a duty of care under the facts presented. Plaintiffs now appeal.

Given that "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party [such as plaintiff herein]" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]), the threshold question is whether defendant owed plaintiff a duty of care (*see Church v Callanan Indus.*, 99 NY2d 104, 110-111 [2002]). "The existence and scope of a duty of care [are] question[s] of law for the courts" (*id.*; *see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 585 [1994]). The Court of Appeals has identified three situations or circumstances—as exceptions to the general rule—in which a contracting party may owe a duty of care to noncontracting third parties arising out of a contractual obligation or the performance thereof (*see Church v Callanan Indus.*, 99 NY2d at 111-112; *Espinal v Melville Snow Contrs.*, 98 NY2d at 139-140). At trial, in opposing defendant's motion, plaintiffs limited themselves to the first exception: "where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk" (*Church v Callanan Indus.*, 99 NY2d at 111), i.e., where "the putative wrongdoer has advanced to such a point as to have launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928, Cardozo, Ch. J.]).

On appeal, we find that Supreme Court properly determined, at the close of plaintiffs' proof on liability, that their claim fails as a matter of law because their proof did not establish, under the first exception, a basis upon which to hold defendant liable to plaintiff for negligent construction of the deck. Plaintiffs' proof consisted of photographs of the deck and testimony by

---

**1.** While plaintiffs filed a notice of claim against the airport claiming negligent maintenance of the deck, that claim was not pursued.

Kevin Hehir, defendant's employee who built the deck, Randall Hajeck, a construction expert, and plaintiff. Hehir testified that an airport supervisor had instructed him to construct the deck on a concrete slab. He made the determination, based on 28 years of construction experience, of how to build it and the type and number of fasteners (Tapcon screws) to use in attaching the wood railing to the masonry exterior of the building, using a six-inch-by-eight-inch block of wood or ledger. When completed, he and another worker checked its strength by shaking the rail and found it secure; the airport accepted and paid for the deck. Hehir's testimony regarding the condition of the deck when built was unrefuted. A year passed, during which defendant had no responsibilities to inspect or maintain the deck (*compare Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d at 587-588), and no complaints were registered regarding the deck, which was subject to repetitive stresses such as vibrations, weather conditions (freezing/thawing) and workers sitting on the rail.

Hajeck, plaintiffs' construction expert, opined that the method used to attach the handrail and ledger to the building and the type and number of fasteners were "totally inadequate" and violated industry standards. He testified that other methods and more fasteners would have made the connection to the building and handrail much stronger. Hajeck did not, however, testify that defendant's use of Tapcon screws or the ledger violated the New York State Building Code in any specific respect.[2] Plaintiffs' proof failed to establish that the deck as built violated any code provision and, notably, evidence of a code violation is only some evidence of negligence (*see Gonzalez v State of New York*, 60 AD3d 1193, 1194 [2009], *lv denied* 13 NY3d 712 [2009]), and does not automatically create a duty to third persons. Thus, even if violations were shown, plaintiffs likewise failed to submit evidence raising a question of fact that "[defendant's] construction of [the deck] rose to the requisite standard of creating a dangerous condition so as to 'launch[ ] a force or instrument of harm' " (*Luby v Rotterdam Sq., L.P.*, 47 AD3d 1053, 1055 [2008] [internal quotation marks and citations omitted]; *see Wyant v Professional Furnishing & Equip., Inc.*, 31 AD3d 952, 954 [2006]; *cf. Husted v Central N.Y. Oil & Gas Co., LLC*, 68 AD3d 1220, 1223 [2009]; *Grady v Hoffman*, 63 AD3d 1266, 1267 [2009]).

---

**2.** The building code provisions in issue generally require that "[h]andrails shall be adequate in strength and attachment" and "[h]andrail assemblies and guards shall be able to resist a single concentrated load of 200 pounds . . . applied in any direction at any point along the top, and have attachment devices and supporting structure to transfer this loading to appropriate structural elements of the building" (Building Code of NY State §§ 1009.11, 1607.7.1.1).

On these facts, as a matter of law, defendant's failure to use a particular type or number of fasteners or ledgers to attach the deck handrail to the building does not constitute the creation or exacerbation of a dangerous condition so as to hold defendant liable to third-party users of the deck, such as plaintiff (*see Dennebaum v Rotterdam Sq.*, 6 AD3d 1045, 1047 [2004]; *see also Espinal v Melville Snow Contrs.*, 98 NY2d at 139-142). Accordingly, as plaintiffs failed to establish that defendant owed plaintiff a duty of care, the complaint was properly dismissed.

Peters, J.P., Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, with costs.