■ CATHERINE IZZO, Appellant, v PROTO CONSTRUCTION & DEVELOPMENT CORPORATION, Respondent. [917 NYS2d 287]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated April 23, 2010, which granted the de-

fendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 2001 the defendant was hired to perform repairs of sections of the garage floor in the Kingsley House, an apartment building. Approximately five years later, the plaintiff, a tenant in the subject building, allegedly fell as a result of a crack in the floor of the garage. The plaintiff commenced this action against the defendant contractor, claiming that it had negligently repaired the garage floor by failing to use sealant.

A threshold question in a negligence action is whether the defendant owes a duty of care to the plaintiff (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). A contractor hired to perform work is generally not liable in tort to a noncontracting third party when he or she breaches a contract and said breach causes injury to that third party (see *Church v Callanan Indus.*, 99 NY2d 104 [2002]). However, the Court of Appeals has identified three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140 [internal quotation marks and citations omitted]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213 [2010]). Here, the plaintiff relies on the first exception—that is, whether the defendant, "while engaged affirmatively in discharging a contractual obligation, create[d] an unreasonable risk of harm to others, or increase[d] that risk" (*Church v Callanan Indus.*, 99 NY2d at 111).

The defendant made a prima facie showing that it did not owe a duty of care to the plaintiff (see *Dennebaum v Rotterdam Sq.*, 6 AD3d 1045 [2004]; *LaMoy v MH Contrs., LLC*, 78 AD3d 1311 [2010]; *Sciscente v Lill Overhead Doors, Inc.*, 78 AD3d 1300 [2010]; *Luby v Rotterdam Sq., L.P.*, 47 AD3d 1053 [2008]). The defendant repaired portions of the garage floor in 2001, almost five years before the plaintiff's accident. Further, the defendant's failure to use sealant, allegedly resulting in cracking almost five years after the concrete repair had been performed, cannot be considered "the creation or exacerbation of a dangerous condition" (*Dennebaum v Rotterdam Sq.*, 6 AD3d at 1047; see *LaMoy v MH Contrs., LLC*, 78 AD3d 1311 [2010]; *Sciscente v Lill Overhead Doors, Inc.*, 78 AD3d 1300 [2010]; *Luby v Rotterdam Sq., L.P.*, 47 AD3d 1053 [2008]). In opposition, the

plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court correctly granted the defendant's motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In light of our determination, we need not reach the remaining issues. Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.