■ Eileen Kennedy et al., Appellants, v Atlas Fence, Inc., Respondent. [933 NYS2d 766]—

Lahtinen, J.

In April 2006, plaintiff Eileen Kennedy (hereinafter plaintiff) allegedly sustained injuries when she tripped over twisted rebar near a fence as she walked across property owned by the City of Kingston, Ulster County. About two years earlier, defendant had installed the fence pursuant to a contract with the City. Plaintiff, a City employee who was working at the time of the accident, and her husband, derivatively, commenced this action against defendant. They asserted that, while doing work under the contract with the City, defendant had created the condition that caused plaintiff's accident when a machine used by defendant to dig post holes for the fence struck the rebar, causing it to twist and come to the surface, where it remained until plaintiff's accident. Following discovery, defendant moved for summary judgment dismissing the complaint, and Supreme Court granted the motion. Plaintiffs appeal.

Although a contractual obligation generally does not create liability in favor of a third party, there are three recognized exceptions to this general rule (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). Plaintiffs contend that they raised a factual issue as to the first exception, which applies where the contracting party fails to exercise reasonable care when performing the contract and thereby "creates an unreasonable risk of harm to others, or increases that risk" (*Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 142-143). In the context of a summary judgment motion, "[t]he totality of the evidence should be viewed in a light most favorable to the nonmoving party and we should accord it the benefit of every reasonable inference" (*Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219 [2007]).

Plaintiffs' expert, an engineer, examined the rebar as well as photos taken at the scene on the day of the accident showing the position of the rebar. He opined that the rebar that caused plaintiff's fall could have become so twisted only as a result of the force of construction equipment. The employee of defendant who operated the machine that dug with an auger at the construction site, while stating at his deposition that he did not recall striking any rebar on this job, nevertheless acknowledged that rebar is sometimes encountered when digging fence holes, he had hit rebar in prior jobs, and one result of an auger striking rebar is a twisting of the rebar. A nonparty witness who worked at an adjacent firehouse testified that he did not see exposed rebar prior to the fence being installed and he did not recall any construction work in the immediate vicinity between

the time of the fence installation and plaintiff's accident. Plaintiff explained that, prior to the date of the accident, she walked a different route. However, that route was blocked before her accident; she thus took the route where, on her first time going the other way, she tripped over the twisted rebar. Although much of plaintiffs' proof is based on circumstantial evidence, such proof can defeat a motion for summary judgment (*see Seelinger v Town of Middletown*, 79 AD3d 1227, 1229 [2010]; *Magrum v Dee Dee's A Tavern, Inc.*, 12 AD3d 825, 827 [2004]) and, upon review of the proof in the record, we are persuaded that plaintiffs set forth sufficient evidence raising factual issues to avoid summary dismissal of their action.

Peters, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.