■ ROSEMARIE D'AMICO, Appellant, v ARCHDIOCESE OF NEW YORK et al., Respondents. (And a Third-Party Action.) [944 NYS2d 106]—

Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered March 9, 2011, which granted defendants' motions for summary judgment dismissing the complaint, unanimously modified, on the law, the motion of defendants Archdiocese of New York, St. Joseph School, Church of St. Joseph, and Church of Joachim (Church defendants) denied, and otherwise affirmed, without costs.

Plaintiff tripped and fell on the sidewalk abutting property owned and operated by the Church defendants. She commenced this personal injury action against them and defendants West New York Restoration, Inc. and West New York Restoration of CT, Inc. (collectively West New York), which, pursuant to a contract with the Archdiocese, repaired and replaced the sidewalk in 1998.

In opposition to the Church defendants' submission of evidence demonstrating that the sidewalk defect was trivial, plaintiff submitted the affidavit of an engineer who measured the defect at 11/16 of an inch, and opined that it constituted a "substantial defect" under 34 RCNY 2-09 (f) (5) (iv). Accordingly, we cannot find, as a matter of law, that the defect was trivial (*see Narvaez v 2914 Third Ave. Bronx, LLC*, 88 AD3d 500 [2011]; *Tese-Milner v 30 E. 85th St. Co.*, 60 AD3d 458 [2009]), and the issue is a question for a finder of fact (*Trincere v County of Suffolk*, 90 NY2d 976, 977-978 [1997]).

The Church defendants also failed to demonstrate that they did not have actual or constructive notice of the condition, which is visible in photographs and which plaintiff testified she had noticed previously (*see Jacobsen v Krumholz*, 41 AD3d 128 [2007]).

Supreme Court properly granted defendant West New York's motion because it offered evidence that it did not have a contract to maintain the sidewalk and had not created the alleged condition as a result of its work on the subject sidewalk about a decade earlier, and plaintiff failed to submit any evidence to raise an issue of fact as to its responsibility (*see Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002]; *Izzo v Proto Constr. & Dev. Corp.*, 81 AD3d 898, 899 [2011]; *Dennebaum v Rotterdam Sq.*, 6 AD3d 1045 [2004]). We have considered the parties' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.