■ Frank J. Fizzinoglia et al., Plaintiffs, v Town of Austerlitz et al., Defendants, and Dorothy Bakker, Defendant and Third-Party Plaintiff-Appellant. Serge Bervey, Individually and Doing Business as Bervey Excavation, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Another Third-Party Action.) [946 NYS2d 301]—

Rose, J. Appeal from an order of the Supreme Court (McGrath, J.), entered April 27, 2011 in Columbia County, which granted third-party defendant Serge Bervey's motion for summary judgment dismissing the third-party complaints against him.

The underlying facts are more fully set forth in our prior decision in this action, in which we reversed an order granting third-party defendant Asbjorn Lunde summary judgment

dismissing the third-party complaints against him (94 AD3d 1381 [2012]). Briefly, plaintiffs commenced this action in 2007 seeking damages in connection with defendants' construction and maintenance of culverts, trenches and drainage ditches under Dugway Road in the Town of Austerlitz, Columbia County and in the vicinity of a privately-owned road known as Blueberry Lane. Third-party defendant Serge Bervey constructed Blueberry Lane in 2003 pursuant to a contract with Lunde, who then owned the property. Defendant Dorothy Bakker now owns Blueberry Lane and, with defendants Charles W. Schroth, Carolyn F. Schroth, Jonathan R. Stotts and Shannon E. Stotts, is responsible for its maintenance. As relevant here, Bakker and the Schroths (hereinafter collectively referred to as third-party plaintiffs) commenced third-party actions against both Lunde and Bervey seeking contribution based on their alleged negligence in the design and construction of Blueberry Lane and its water runoff and drainage systems. After joinder of issue, but before discovery, Bervey moved for summary judgment dismissing the third-party actions against him. Supreme Court granted the motion and third-party plaintiffs appeal. We affirm.

Bervey supported his motion with his affidavit detailing that, pursuant to a verbal contract with Lunde, he did the bulldozing, grading and related work on Blueberry Lane in 2003. Bervey also stated that Lunde's engineer and the Town's engineer periodically inspected his work and approved the completed road, and he was not made aware of any alleged defects in his work until he was served with the third-party complaint in 2009. Under these circumstances, Bervey met his initial burden of establishing that, as a contracting party, he could not be held liable to third parties in tort (see *Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007]; *Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]; *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139 [2002]). In response, third-party plaintiffs argue that issues of fact exist as to whether a legal duty can be imposed on Bervey based on two of the three recognized exceptions to this general rule: whether Bervey launched a force or instrument of harm, and whether they were entitled to rely on his obligation to construct and maintain the road (see *Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d at 257; *Kennedy v Atlas Fence, Inc.*, 90 AD3d 1122, 1123 [2011]).

We agree with Supreme Court that third-party plaintiffs failed to come forward with any evidence to support their claim. While they point to plaintiff's testimony that he never experienced any debris running into his pond prior to the construction of

the road, they fail to offer any evidence that the construction of the road was in any way negligent or rebut Bervey's evidence that the road was inspected and approved by the engineers. Absent such evidence, there is no basis for a finding that Bervey launched an instrument of harm so as to be held liable in tort on the contribution claim (*cf. Gordon v Pitney Bowes Mgt. Servs., Inc.,* 94 AD3d 813, 814 [2012]; *see LaMoy v MH Contrs., LLC,* 78 AD3d 1311, 1313 [2010]; *Dennebaum v Rotterdam Sq.,* 6 AD3d 1045, 1047 [2004]).

As for their alleged reliance on Bervey to continue to maintain the road, third-party plaintiffs submitted estimates that Bervey provided to the Stotts' predecessors-in-interest in 2004 and the Schroths in 2005 for maintenance of the road. Supreme Court correctly held, however, that the evidence was insufficient to establish reliance because the estimates were not supported with any proof in admissible form from someone with personal knowledge about the circumstances surrounding Bervey's alleged maintenance. Nor did third-party plaintiffs demonstrate that further discovery would reveal material facts within Bervey's exclusive control (*see Ingalsbe v Chicago Ins. Co.,* 287 AD2d 939, 940 [2001]; *Welsh v County of Albany,* 235 AD2d 820, 822 [1997]). As the parties responsible for the maintenance of the road, third-party plaintiffs clearly would have any information about its maintenance available to them. Furthermore, there being no evidence of a contractual obligation between Bervey and third-party plaintiffs to maintain the road, there is no basis to conclude that plaintiffs reasonably relied upon any such contractual obligation by Bervey (*see e.g. Church v Callanan Indus.,* 99 NY2d at 112; *Norton v Albany County Airport Auth.,* 52 AD3d 871, 872 [2008]; *Moran v City of Schenectady,* 47 AD3d 1001, 1003 [2008]).

Finding no evidence in the record that either of the claimed exceptions applies, we agree with Supreme Court that Bervey had no duty to plaintiffs. Accordingly, the motion for summary judgment dismissing the third party actions for contribution against Bervey was properly granted.

Peters, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, with costs.