Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 1, 2012, which, in this personal injury action arising from a trip and fall on a sidewalk abutting defendant landowner’s property, denied defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant made a prima facie showing of its entitlement to judgment as a matter of law by submitting its administrative manager’s testimony that defendant lacked notice of any hazardous condition on the property, that the alleged sidewalk defect appeared to be “trivial,” and that there had been no prior complaints or violations involving the alleged defective sidewalk (see Schwartz v Bleu Evolution Bar & Rest. Corp., 90 AD3d 488 [1st Dept 2011]).
Plaintiffs papers in opposition, however, raised triable issues of fact as to whether the one-half-inch differential between two sidewalk flags was a “substantial defect” under 34 RCNY 2-09 (f) (5) (iv) and Administrative Code of the City of New York *457 § 19-152 (a) (4) and (a-1) (5), and whether the alleged defect had existed for a sufficient length of time to put defendant on notice of the condition (see D’Amico v Archdiocese of N.Y., 95 AD3d 601 [1st Dept 2012]; Narvaez v 2914 Third Ave. Bronx, LLC, 88 AD3d 500, 501 [1st Dept 2011]). Concur — Sweeny, J.E, Moskowitz, Abdus-Salaam, Román and Feinman, JJ.