Williams v 100 Church Fee Owner, LLC (2021 NY Slip Op 05843)





Williams v 100 Church Fee Owner, LLC


2021 NY Slip Op 05843


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 162738/14 Appeal No. 14469 Case No. 2021-00125 

[*1]Ruth Williams, Plaintiff,
v
100 Church Fee Owner, LLC, et al., Defendants-Appellants, McGovern & Company, LLC, Defendant-Respondent.


O'Connor O'Connor Hintz & Denveney, LLP, Melville (Ira E. Goldstein of counsel), for appellants.
Law Office of James J. Toomey, New York (Michael J. Kozoriz of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about July 28, 2020, which, to the extent appealed from as limited by the briefs, granted defendant McGovern & Company, LLC's motion for summary judgment insofar as dismissing codefendants 100 Church Fee Owner LLC (Church) and SL Green Management LLC's (SL) cross claims against McGovern for contractual indemnification, unanimously affirmed, with costs.
The court properly granted summary judgment dismissing Church and SL's cross claims for contractual indemnification. The indemnification provision at issue required McGovern to indemnify Church and SL for certain claims resulting from acts or omissions in connection with McGovern's "performance of the Work." Although this provision is broadly worded, it must be construed in light of the apparent objective of the parties (see Inman v Binghamton Hous. Auth., 3 NY2d 137, 147-148 [1957]; Mobil Oil Corp. v Wellpoint Dewatering Corp., 110 AD2d 1085, 1085-1086 [4th Dept 1985]; see also Luby v Rotterdam Sq., L.P., 47 AD3d 1053, 1055-1056 [3d Dept 2008]). The court properly determined that the contract at issue was for a limited period of time, and that the apparent objective was to require indemnification for claims which arose during the course of the work. In any event, indemnification provisions are strictly construed (see GFE Jerome Ave. LLC v Steph-Leigh Assoc., LLC, 193 AD3d 435, 436 [1st Dept 2021]), and must not be read to place a burden on the contractor that was not expressly assumed and where it is inconceivable that the contractor would have accepted (Inman at 148; Mobil at 1086). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021